IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                                    RESPONDENT

VERSUS                                    CIVIL ACTION NO. 1:04cv782-DCB
                                          CRIMINAL NO. 1:02cr74-DCB

JULIUS TAYLOR                                                PETITIONER


## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [**docket entry no. 1** in civil action 1:04cv782, and **docket entry 22** in criminal action 1:02cr74]. Having reviewed the motion, the government's response, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

## FACTUAL AND PROCEDURAL HISTORY

On March 1, 2002, officers from the Drug Enforcement Agency's Gulfport, Mississippi office ("DEA") conducted a sting operation where they had a cooperating source ("CS") perform a controlled purchase of 3.6 net grams of "crack" cocaine from the petitioner, Julius Taylor.  Taylor was later arrested, and on August 20, 2002, a federal grand jury returned an indictment against him.  On November 12, 2002, pursuant to a plea agreement with the government, Taylor pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).  On

March 21, 2003, the Court sentenced the petitioner to 151 months of imprisonment, to be followed by five years of supervised release. The judgment of conviction was entered by this Court on April 11, 2003.  Pursuant to the plea agreement, Taylor has not pursued a direct appeal of his conviction.[1]

## DISCUSSION

To obtain post-conviction relief under 28 U.S.C. § 2255, a petitioner attacking his conviction or sentence must prove by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.[2]  See 28 U.S.C. § 2255.

The United States Supreme Court has emphasized that a collateral challenge to a conviction or sentence should not serve

---

[1] The government states that Taylor is, however, violating the plea agreement by seeking to vacate his sentence under this § 2255 motion.  See infra Section I.A.

[2]     A prisoner in custody under sentence of court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255

as a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991). "After conviction and exhaustion or waiver of any right to appeal," this Court is "'entitled to presume that [the defendant], stands fairly and finally convicted.'" Shaid, 937 F.2d at 231-32 (quoting Frady, 456 U.S. at 164). To raise claims for the first time in a motion seeking collateral relief, a petitioner must either (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error, or (2) show that he is "actually innocent" of the crime for which he was convicted. United States v. Torres, 163 F.3d 909, 911 (5th Cir. 1999). If the petitioner does not meet either burden, then he is procedurally barred from attacking his conviction or sentence. See United States v. Drobny, 955 F.2d 990, 944-95 (5th Cir. 1992).

Though the petitioner did not directly appeal his conviction and may not actually be entitled to collateral review, the Court will consider Taylor's petition because he asserts that he was "tricked" by his counsel into accepting a plea agreement that limited his post-conviction remedies.

## I. Procedural Challenges

As an initial matter, the government challenges Taylor's § 2255 petition on two procedural grounds. First, the government claims that the plea agreement restricts the plaintiff's right to seek any post-conviction relief via § 2255. Secondly, the

government also argues that the petitioner's § 2255 motion is untimely inasmuch as it was filed over one year after Taylor's judgment was entered.

## A. Plea Agreement's Restriction on Seeking Post-Conviction Relief

The government contends that the petitioner waived his right to contest his sentence via a § 2255 motion. See Government's Response, at 2-3. The Memorandum of Understanding, signed by the petitioner on November 22, 2002, states, in part, as follows:

> The Defendant, knowing and understanding all the facts set out herein, including the maximum possible penalty that could be imposed, and including his right to appeal the sentence imposed . . . hereby expressly waives the right to appeal the conviction and/or sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Section 3742, or on any ground whatsoever, and expressly waives the right to contest the sentence of the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case.

Memorandum of Understanding, ¶13. Thus, if the terms of the plea agreement are controlling, Taylor has clearly waived his right to seek relief under § 2255.

The petitioner, however, has essentially asserted that his entry of a guilty plea was not intelligently and voluntarily given inasmuch as he maintains that his counsel misinformed him as to

possible severity of his sentence under the plea.  The merits of that argument are addressed later in this opinion, but if the petitioner's assertion holds true, then the government would be unable to rely upon the waiver of post-conviction remedies in the plea agreement as a procedural bar to the present motion.  <u>See United States v. Cockerham</u>, 237 F.3d 1179, 1187 (10th Cir. 2001) (stating that a "plea agreement waiver of post conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel challenging the validity of the plea or the waiver").

<u>B.  Untimeliness of § 2255 Motion</u>

The government also argues that Taylor's § 2255 motion is time-barred because the plaintiff failed to timely file his motion within the statutory period allowed for such motions.  Under 28 U.S.C. § 2255, a petitioner is generally given only one year from the date on which his conviction becomes final to pursue post-conviction habeas relief, though under certain conditions, the starting date for the one-year period may be extended beyond the date of final judgment:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was

5

prevented from making a motion by such
governmental action;
(3) the date on which the right asserted was
initially recognized by the Supreme Court, if
that right has been newly recognized by the
Supreme Court and made retroactively
applicable to cases on collateral review; or
(4) the date on which the facts supporting the
claim or claims presented could have been
discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In his petition, Taylor claims two bases for relief: (1) that
he was denied effective assistance of counsel when deciding whether
to enter a guilty plea; and (2) that this Court was without
jurisdiction to enter a judgment against him.   Neither claim was
impeded by governmental action or involved a right subsequently
recognized by the Supreme Court.   Moreover, there is no reason that
Taylor could not have pursued either claim, through due diligence,
within one year from the date of final judgment.   Thus, Taylor's
time to file a § 2255 motion should be calculated from the date on
which his conviction became "final".

A conviction becomes "final" when the period for seeking
appeal has expired.   See United States v. Cruz-Garcia, No. CRIM.A
03.302, 2005 WL 2060976, at *2-3 (E.D. La. Aug. 23, 2005) (noting
that while the Fifth Circuit has not directly ruled as to when a
conviction becomes "final" if unappealed, the district courts are
generally in agreement that the conviction is final once the period
for filing an appeal has run).   Federal Rule of Appellate Procedure
4(b)(1) describes when the ability to file a timely direct appeal

6

expires: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of . . . the judgment."  Therefore, the clock on Taylor's motion would have begun to run ten days, excluding Saturday, Sunday and legal holidays, after the entry of judgment by this Court on April 11, 2003.[3]  To be timely then, Taylor's § 2255 motion should have been filed by April 25, 2004.  Thus, the present motion, filed on October 15, 2004, is untimely and should be denied.  Alternatively, a review of the merits of Taylor's arguments also shows that he is not entitled to any relief.

## II.  Petitioner's Claims

### A.  Ineffective Assistance of Counsel

Although the petitioner's motion is less than clear on the matter, it appears that Taylor is challenging his counsel's effectiveness in explaining the consequences involved with his entering of a guilty plea.  See § 2255 Motion, at 4.  Taylor claims that his attorney "tricked" him by telling him that he would be sentenced to only 41 months after pleading guilty, and that he was "astonished" when he was actually sentenced to 151 months.  Id.

The Sixth Amendment to the United States Constitution

---

[3] Arguably, the time to file the § 2255 motion could be calculated from this Court's entry of judgment on April 11, 2003, inasmuch as Taylor's plea agreement limited his right to appeal. The ten-day difference in starting the filing period makes no difference in this case, however, as Taylor's motion is untimely in under either scenario.

guarantees a defendant in a criminal case reasonably effective assistance of counsel. U.S. CONST. Amend. VI; <u>Cuyler v. Sullivan</u>, 466 U.S. 335, 344 (1980). To obtain post-conviction relief due to ineffective assistance of counsel, petitioners must show that their counsels' performance was deficient and that the deficiency prejudiced their defense. <u>Wiggins v. Smith</u>, 539 U.S. 510, 520-21, (2003).

To establish deficient performance, the petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." <u>Id</u>. (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984)). The Supreme Court has declined to articulate specific guidelines for appropriate attorney conduct and instead has emphasized that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." <u>Id</u>. There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. <u>Romero v. Lynaugh</u>, 884 F.2d 871, 876 (5th Cir. 1989).

To establish prejudice, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

The Supreme Court has made clear that "there is no reason for

8

a court deciding an ineffective assistance claim to approach the inquiry in [any particular order] or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995) ("[A] court need not address both prongs [of the Strickland test] . . . , but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.").

In United States v. Herrera, 412 F.3d 577 (5th Cir. 2005), the Fifth Circuit Court of Appeals described the importance of an attorney's role in counseling his client as to whether or not he should accept a plea agreement:

> One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty.
>
> An attorney fulfills this obligation by informing the defendant about the relevant circumstances and the likely consequences of a plea. Apprising a defendant about his exposure under the sentencing guidelines is necessarily part of this process. A defendant cannot make an intelligent choice about whether to accept a plea offer unless he fully understands the risks of proceeding to trial. "Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by Strickland."

Id. at 580 (quoting Teague v. Scott, 60 F.3d 1167, 1171 (5th Cir. 1995)). See also United States v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004) (stating that "any amount of actual jail time" may

constitute "prejudice" for Sixth Amendment considerations); <u>Glover v. United States</u>, 531 U.S. 198 (2001) (holding that grossly underestimating a defendant's exposure under the sentencing guidelines constitutes ineffective assistance of counsel).

In <u>Herrera</u>, the petitioner complained that his attorney had incorrectly advised him to reject the government's plea offer, under which he would have received a maximum four-year prison sentence. 412 F.3d at 579. The attorney recommended rejecting the plea under the false belief that Herrera faced only a 51-month maximum guideline sentence if convicted at trial. <u>Id.</u> The petitioner actually faced a sentencing range of 78-97 months under the guidelines, and he was ultimately sentenced to 78 months in prison after being convicted by a jury. <u>Id.</u> The district court denied Herrera's § 2255 petition claiming ineffective assistance of counsel, but on appeal, that holding was reversed. The Court of Appeals stated that the "precise advice of counsel was essential to deciding whether to accept the Government's plea offer." <u>Herrera</u>, 412 F.3d at 581. "If the attorney actually advised Herrera that he faced a maximum of 51 months of prison time, Herrera did not fully understand the risks of going to trial." <u>Id.</u> Thus, the court remanded the case back to the trial court for an evidentiary hearing on whether such statements were actually made by the petitioner's attorney. <u>Id.</u>

In <u>United States v. Ridgeway</u>, 321 F.3d 512 (5th Cir. 2003),

the defendant claimed that his attorney had wrongfully advised him that he would receive only a four or five year prison sentence even though his offense carried a mandatory minimum sentence of ten years.  Id. at 513.  The defendant asserted that he would not have pleaded guilty if he had known that he faced at least a ten-year incarceration.  The court determined that the defendant had not been prejudiced by his attorney's miscalculation, however, because he failed to show that he would have received a "significantly less harsh" sentence in the absence of the mistake.  Id. at 514. Regardless of whether the defendant had been convicted at trial or pled guilty, he was subject to the 120 month minimum sentence.  In order to show prejudice, the defendant would have had to prove the sentencing court could have and would have departed below that minimum sentence.  Id. at 515.

The present case is much more akin to Ridgeway than to Herrera.  Similar to Ridgeway, Taylor was always subject to at least 151 to 188 months imprisonment under the sentencing guideline range even if his attorney had advised him that he would only be sentenced to 41 months under the terms of his plea agreement.[4]  See Presentence Investigation Report, at 13.  Had Taylor proceeded to trial and been found guilty, the guideline range of his sentencing

_____

    [4] Moreover, even if his attorney had mis-advised him as to his likely sentence, both the Memorandum of Understanding and the Court's statements at Taylor's plea hearing clearly indicated to him that the Court would ultimately determine what his sentence was to be.

would have only been increased.[5]   The situation presented in
Herrera is manifestly different, as the defendant in that case
clearly received a much harsher sentence by proceeding to trial
than he would have had he accepted the plea agreement.  The mistake
of Herrera's counsel had a direct connection to the petitioner's
decision to proceed to trial and face that increased sentence.

While Taylor's attorney might have also mis-advised him about
his true exposure under the plea agreement,[6] the petitioner was not
prejudiced inasmuch as there is no argument that he was sentenced
to a greater amount of time because of that mistake. To establish
prejudice, Taylor would have to show that if his attorney had
properly advised him of his probable sentence under the plea, he
would have gone to trial instead, and that he would have either
been acquitted or, if convicted at trial, that this Court would
have sentenced him to less than 151 months in prison.  Taylor,
however, makes no argument that he is actually innocent or that a
conviction would have been unlikely at trial for other reasons,
such as for lack of evidence.  Additionally, there is no indication
that this Court would have sentenced him more leniently upon a

---

[5] Taylor received a three point downward adjustment to his
offense level because he accepted responsibility for his crime
under the plea.  See Presentence Investigation Report, at 5.  Had
he gone to trial, that downward adjustment would not have been
warranted.

[6] Of course, that fact has not been established, but for
purposes of this ruling we are assuming that the petitioner's
counsel did make such a statement.

conviction at trial.   The petitioner's claim that he received ineffective assistance of counsel is without merit.

B.  Lack of Jurisdiction

Though Taylor spends a considerable amount of time and ink arguing that this Court lacked the subject matter jurisdiction to enter a judgment against him, that claim is also completely without merit.   Taylor was indicted and convicted for a criminal violation of 21 U.S.C. § 841(a)1).   Section 3231 of Title 18 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States."   Thus, the Court had jurisdiction both to accept Taylor's plea and sentence him.

**CONCLUSION**

For the foregoing reasons, the petitioner's Motion to Vacate, Set Aside, or Correct his Sentence is not well-taken and should be **DENIED**.   Accordingly,

IT IS HEREBY ORDERED that Petitioner Julius Taylor's Motion to Vacate under 28 U.S.C. § 2255 [**docket entry 1**] in civil action 1:04cv782 is **DISMISSED WITH PREJUDICE.**

SO ORDERED, this the 9th day of December, 2005.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE