```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                            WESTERN DIVISION
```

UNITED STATES

VERSUS                                CRIMINAL ACTION NO. 1:02cr00074-DCB

JULIUS CESIL TAYLOR, JR.                                        PETITIONER

## ORDER

This matter comes before the Court on petitioner's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) [docket entry no. 33]. The defendant requests a reduction of his sentence pursuant to the recent amendments to the sentencing guidelines applicable to offenses involving cocaine base and the subsequent decision by the United States Sentencing Commission to make this amendment retroactive. Having carefully considered the motion, information provided by the United States Probation Office, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On November 12, 2002, pursuant to a plea agreement with the government, the petitioner pleaded guilty to Count 1 of the indictment charging him with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On March 10, 2003, the petitioner was sentenced to 151 months of imprisonment, to be followed by five years of supervised release. Pursuant to U.S.S.G. § 2D1.1, the petitioner's conviction as to Count 1 called for a base offense level of 22, as the amount of "crack" cocaine

involved in the case was 3.6 net grams. However, prior to this conviction, the petitioner was previously convicted for the Sale of Cocaine, Aggravated Assault with a Weapon, and Robbery. Therefore, the petitioner is considered a career offender within the meaning of U.S.S.G. § 4B1.1., as the instant offense is a violation of the Controlled Substances Act.

The petitioner did accept responsibility for his conduct. As a result, the offense level was reduced by three points to 29, pursuant to U.S.S.G. § 3E1.1(a) and (b). By virtue of being classified as a career offender, the petitioner's criminal history category was automatically a category VI, pursuant to U.S.S.G. § 4B1.1. Based on a total offense level of 29 and a criminal history category of VI, the guideline range of imprisonment was 151 to 188 months. As previously stated, the petitioner received a sentence of 151 months imprisonment.

The petitioner now moves for a reduction of his sentence pursuant to Amendment 706 to the Sentencing Guidelines, which lowers the base offense levels applicable to crack cocaine offenses. Amendment 706 went into effect on November 1, 2007. On December 11, 2007, the United States Sentencing Commission determined that Amendment 706 would apply retroactively through United States Sentencing Guidelines Manual § 1B1.10, which became effective on March 3, 2008. The result of the amendment and its retroactivity is that this Court, pursuant to 18 U.S.C. § 3582(c)(2), has the discretion to reduce the terms of a defendant's

imprisonment when certain criteria are met.

The Court finds that petitioner is not eligible for a sentence reduction. The petitioner's guideline range was derived from his status as a career offender, not the quantity of crack cocaine involved in the offense. As a result, he was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the defendant's Motion for Reduction of Sentence [docket entry no. 33] is **DENIED**.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain unchanged and in full force and effect.

**SO ORDERED**, this the 5th day of November 2009.

                                          s/ David Bramlette
                                       **UNITED STATES DISTRICT JUDGE**